LAW OFFICES OF

ERIC DINNOCENZO

469 Seventh Avenue
Suite 1215
New York, NY 10018

Telephone: (212) 933-1675
Fax: (212) 249-5624
E-mail: eric@dinnocenzolaw.com
Website:www.dinnocenzolaw.com

New Jersey (By Appt. Only)
1199 Route 22 East
Mountainside, NJ 07092



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 01/13/20

January 9, 2020

Hon. Gregory Woods
Southern District of New York
500 Pearl Street
New York, NY 10007

**MEMORANDUM ENDORSED**

Re:     Spadafora v. The Standard Fire Ins. Co., 19-cv-6631 (GHW)

Dear Judge Woods:

Plaintiff respectfully writes to Your Honor to request a discovery-related pre-motion conference.  Unfortunately, counsel could not agree on a joint letter, and so I write singularly seeking the conference.

In this action, plaintiff alleges breach of contract against defendant because it has offered insufficient monies to satisfy his insurance claim for damage to his custom-made wooden lobster-yacht after it struck a submerged rock.  Defendant asserts that it has properly adjusted the claim.

Two of defendant's insurance adjusters, Don Llewelyn and Nicholas Rago, were involved with processing the claim.  Defendant identified these individuals in its Rule 26 disclosure and stated that their address was "care of" defense counsel.  These individuals are no longer employed by defendant, however, but obviously, defense counsel has indicated he continues to represent them due to the fact that he has not provided their contact information.

Plaintiff seeks to take the depositions of these two individuals, because they are key witnesses, but defendant will not agree to produce them.  Therefore, plaintiff has requested on numerous occasions that defendant provide their last known address so he can issue non-party subpoenas to them.  These requests were made on December 4, 2019, December 9, 2019, January 3, 2020 and January 7, 2020.

Defendant continues to refuse to provide their last known addresses.  Defendant's position is that it believes the two adjusters will only be able to testify about notes contained in the claim file and that this testimony can as easily be taken from a currently employed supervisor.  But defendant should not be allowed to unilaterally determine form whom plaintiff

January 9, 2020
Page 2

takes discovery.  Defendant further states that if it decides it wants to call either adjuster as a witness at trial, it will at that time give plaintiff the opportunity to depose them at defendant's expense.  This is hardly consonant with the Rules of Civil Procedure, nor is it assured that the Court would allow this to occur (presumably) on the eve of trial.

Plaintiff requests a one month extension of the discovery deadline because this dispute has slowed down discovery.

Plaintiff also requests an award of attorney's fees because it is simply outrageous for a party to refuse to provide the address of a non-party witness it has identified in its Rule 26 disclosure, despite multiple requests.

Respectfully submitted,

*s/Eric Dinnocenzo*

Eric Dinnocenzo (ED 3430)

The Court will hold a telephone conference to discuss the issues raised by Plaintiff's letter on January 15, 2020 at 11:00 a.m.  The parties are directed to call Chambers (212-805-0296) at that time with all parties on the line.

SO ORDERED.

Dated: January 13, 2020
New York, New York

_____
GREGORY H. WOODS
United States District Judge