UNITED STATES DISTRICT COURT
SOURTHERN DISCTRICT OF NEW YORK
--------------------------------------------------------x

JOSEPH SPADAFORA and GUDELIA
LEVINE,                                              Civil Action No.: 19-CV-6631

                          Plaintiffs,

-against-

THE STANDARD FIRE INSURANCE
COMPANY,

                          Defendant.

--------------------------------------------------------x

## THE STANDARD FIRE INSURANCE COMPANY'S MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO AMEND ANSWER

### PRELIMINARY STATEMENT

Plaintiff Joseph Spadafora represented on his application for insurance that the purchase price for his vessel was $450,000. Based on this representation, Standard Fire agreed to provide insurance coverage in the amount of $450,000. During plaintiff's deposition in this action, Standard Fire for the first time learned that the purchase price of the vessel was not $450,000, but closer to $260,000. Spadafora does not contest these facts. Nonetheless, plaintiffs moved to have the Court exclude evidence of this material misrepresentation because Standard Fire did not previously specify the facts supporting a defense based on material misrepresentations – facts it only learned during discovery in this action.

The Court granted plaintiff's motion in limine because Standard Fire's affirmative defenses in its Answer to the Complaint did not explicitly indicate that defenses of misrepresentation and breach of the duty of utmost good faith were based on plaintiff's now

admitted to misrepresentation as to the purchase price. The Court indicated however that it would entertain a motion to amend the Answer to plead these defenses.

## FACTS

The facts relevant to this motion were fully briefed in connection with plaintiff's motion *in limine* and will be briefly summarized. *See*, Docket #s 68, 79, 83-85 and 89.

Plaintiffs submitted a signed application for insurance dated April 19, 2015. The application sought various information concerning the vessel to be insured, including "Total Purchase Price". In answer to this inquiry on the application, plaintiffs entered "$450,000". The application advised a prospective insured of the penalties for providing inaccurate information to obtain insurance. During plaintiff's deposition in this action, it was learned for the first time that plaintiff did not purchase the vessel for $450,000. Instead, it was learned that Spadafora actually paid only about $250-260,000 to purchase the vessel. Indeed, it was learned that Spadafora sued the boat builder Doug Dodge in 2015 and in that complaint, Spadafora admitted that he paid the builder $65,000 to build the boat and spent about $135,000 on parts and materials. Spadafora admitted at his deposition that he actually paid Dodge about $100,000. When Standard Fire brought this misrepresentation to the Court's attention in its opposition to plaintiffs' motion *in limine*, plaintiff Spadafora submitted a declaration that is either false or deliberately misleading testimony. Specifically, Spadafora declared under penalty of perjury that he "**received**" two invoices in September 2016 (four months after the policy incepted) from Wooden Boatworks in the total amount of about $135,000.[1] Plaintiff Spadafora concedes though that he did not pay these invoices because they were "paid by a foundation". As such, it cannot be disputed that the

---

[1] The Wooden Boatworks invoices were <u>not</u> listed as exhibits by plaintiffs on the Joint Pretrial Order. As such, plaintiff cannot introduce the invoices at trial and has nothing to prove that the amounts on this invoice are true and accurate (no timesheets, scope of work etc).

"purchase price" of the vessel was only about $250,000 and not $450,000 as represented by plaintiffs on the application of insurance.

Spadafora does not dispute these facts but merely claims that because Standard Fire waived the requirement that he provide a copy of the purchase contract to underwriters, it somehow freed Spadafora from the obligation to provide accurate and truthful information on his insurance application. This is wrong. Standard Fire agreed to not require a purchase contract (presumably because there was no written contract) but did require that plaintiff provide a marine survey report showing value of the vessel. This survey report provided by plaintiff repeated the false purchase price information. *See*, Exhibit C to plaintiff's motion in limine. Plaintiffs argue that this demonstrates that Standard Fire did not rely upon the truthfulness of plaintiffs' representation in the application.

Standard Fire did not know this information when it issued the policy to Spadafora, or agreed to insured his boat for $450,000. Nor did Standard Fire know this information when it filed its answer to plaintiffs' complaint. Nonetheless, and because information often is learned in litigation that was not known at the time of placement or claim handling, Standard Fire included in its Answer affirmative defenses relating to preserve its rights under the policy.

## POINT I

### RULE 15 PERMITS LEAVE
### TO AMEND BE FREELY GIVE

Rule 15(a) of the Federal Rules provides in relevant part that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Construing this rule, the Supreme Court has said:

> In the absence of any apparent or declared reason - such as undue delay, bad faith
> or dilatory motive on the part of the movant, repeated failure to cure deficiencies
> by amendments previously allowed, undue prejudice to the opposing party by

virtue of allowance of the amendment, futility of amendment, etc. - the leave sought should, as the rules require, be 'freely given.' Of course, the grant or denial of an opportunity to amend is within the discretion of the District Court, but outright refusal to grant the leave without any justifying reason appearing for the denial is not an exercise of discretion; it is merely abuse of that discretion and inconsistent with the spirit of the Federal Rules."

*Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962). Amendments to pleadings can be made even at trial so that the pleadings may conform to the evidence. In *Lomartira v. American Auto. Ins. Co.,* 245 F. Supp. 124, 128 (D. Conn. July 29, 1965), defendant insurance company moved at the conclusion of trial for leave to amend its answer to the complaint to plead a defense of fraud and avoid its policy obligations based on the insured's false testimony at trial. The Court concluded that the insured's false swearing at trial breached the fire insurance policy provision that "This entire policy shall be void if, whether before or after a loss, the insured has wilfully concealed or misrepresented any material fact or circumstance concerning the insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured related thereto" and granted the insurers' oral trial motion to void the policies.[2]

Here, as will be discussed, Spadafora's deposition testimony clearly demonstrates that he breached his obligation to provide truthful information and Rule 15 permits amendments to Standard Fire's affirmative defenses.

---

[2] The Policy issued to plaintiff contained a similar "concealment, misrepresentation" warranty, which provided in relevant part "If you or any insured conceals or misrepresents any material fact or circumstance, whether before or after a loss, this **policy** is **VOID** and you will no longer be protected by it."

## POINT II

## STANDARD FIRE ENTITLED TO
## AMEND ITS AFFIRMATIVE DEFENSES

The Marine Insurance Policy is a contract of marine insurance. *Folksamerica Reinsurance Co. v. Clean Water of N.Y., Inc*., 413 F.3d 307 (2d Cir. 2005). The interpretation of a contract of marine insurance is governed by federal admiralty law when there is a specific and controlling federal maritime rule, and by state law when there is not. *Wilburn Boat Co. v. Fireman's Fund Ins. Co.*, 348 U.S. 310, 321 (1955). There is a well-established principal in maritime law known as "*uberrimae fidei*" or "utmost good faith" that requires an insured to "disclose to the insurer all known circumstances that materially affect the risk being insured." *Knight v. U.S. Fire Ins. Co*., 804 F.2d 9 (2d Cir. 1986); *HIH Marine Services, Inc. v. Fraser,* 211 F.3d 1359, 1362 (11th Cir. 2000). ("[I]t is well-settled that the marine insurance doctrine of *uberrimae fidei* is the controlling law."); *CIGNA Property & Cas. Co. v. Polaris Pictures Corp.,* 159 F.3d 412 (9th Cir. 1998). Breach of this duty permits the insurer to void the policy. The doctrine of *uberrimae fidei* requires that an insured "fully and voluntarily disclose to the insurer all facts material to a calculation of the insurance risk." *HIH Marine* at 1362. Information will be considered material only if "it might have a bearing on the risk to be assumed by the insurer." *Id*. A material misrepresentation or omission on the policy application is grounds for voiding the policy. *Royal Ins. Co. of Am. v. Harbor Shuttle, Inc.*, 1999 U.S. Dist. LEXIS 23964, at *12-14 (E.D.N.Y. Jan. 18, 1999); *AXA Global Risks (UK) Ltd. v. Pierre*, 2001 U.S. Dist.LEXIS 23351 (S.D.Fl. Nov. 8, 2001)*.*

Information specifically requested on an application for insurance is deemed material as a matter of law. *Royal Ins. Co. of Am*.,1999 U.S. Dist. LEXIS 23964 (holding misrepresenting purchase price on application was a material misrepresentation); *Griffith v. American National*

*Fire Ins. Co.*, 1997 AMC 2745 (D.Del. June 28, 1997) (holding misrepresenting ownership on application was a material misrepresentation.) "When a marine insurance application "specifically asks for the purchase price," the insured may not substitute, without a clear explanation, the "present market value" for the "actual purchase price." *N.H. Ins. Co. v. C'Est Moi, Inc.*, 519 F.3d 937, 939 (9th Cir. 2008) (holding that insurer could avoid policy when the insured represented purchasing the vessel for $450,000 but paid only $300,000 and spent about $150,000 to restore the vessel). Because the misrepresentations are material, Standard Fire need not demonstrate that plaintiff intentionally made the misrepresentations. "It is well settled that intent to deceive is not necessary to rescind the contract. A plaintiff only needs to prove that the representation of a fact was false and material. Based on the undisputed facts, it is appropriate to grant summary judgment to Royal". *Royal Ins. Co. of Am.* 1999 U.S. Dist. LEXIS 23964.

Although as mentioned, settled law dictates that the insurer need not prove either actual reliance or an intent to deceive when an insured misrepresents information requested on an insurance application, plaintiff has argued that if this defense is allowed at this point in the litigation, he should be granted the opportunity to depose Standard Fire's underwriter. Standard Fire does not object to permitting this discovery. And, because trial has been scheduled for September 2021, plaintiff will have sufficient time to take discovery from Standard Fire. There is therefore no undue prejudice or other reason to deny leave to amend the pleadings.

In addition to the misrepresentation on the application, plaintiff did not provide any photographs of the vessel taken before Standard Fire's marine surveyor inspected the vessel aboard the cargo vessel at Baltimore. Plaintiff testified that he did not have any photographs. This was also an untruthful statement. At the deposition of plaintiff's expert Ed Glaser, Glaser testified that Spadafora emailed him photographs taken before loading of the vessel aboard the cargo ship by

Spadafora's freight forwarder. Mr. Glaser provided these photographs to counsel only after his deposition at counsel's request on the record. These photographs could demonstrate that the condition of the vessel before loading was not as serious as after loading and when seen by Standard Fire's marine surveyor. Standard Fire should be entitled to assert this misrepresentation and failure to produce as an affirmative defense as both failure to mitigate and misrepresentation during the claim process.

## **CONCLUSION**

For the reasons set forth herein, it is respectfully requested that Standard Fire be given leave to amend its answer to the complaint, proposed amended answer attached hereto.

Dated: February 19, 2021

<div style="margin-left:40%;">

RUBIN, FIORELLA, FRIEDMAN &
MERCANTE LLP
*Attorneys for Standard Fire*

By:      _____/s_____
Michael E. Stern, Esq.
630 Third Avenue, 3rd Floor
New York, NY 10017
Tel:    212.953.2381
Email: mstern@rubinfiorella.com

</div>

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x

JOSEPH SPADAFORA and GUDELIA LEVINE,     Civil Action No.: 19-CV-6631

        Plaintiff,

      -against-                    **AMENDED ANSWER**

THE STANDARD FIRE INSURANCE
COMPANY,

        Defendants.
----------------------------------------------------------------x

Defendant, THE STANDARD FIRE INSURANCE COMPANY (hereinafter "Standard Fire"), by its attorneys, RUBIN, FIORELLA, FRIEDMAN & MERCANTE LLP, as and for its Answer to the Complaint, alleges on information and belief, as follows:

1.    Standard Fire denies the allegations of paragraph 1.

2.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 2.

3.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 3.

4.    Admits the allegations of paragraph 4.

5.    Admits the allegations of paragraph 5 but denies that Travelers Indemnity Company is a proper party to this action.

6.    Admits that it is licensed to do insurance business in the State of New York, except as specifically admitted, denies the remaining allegations contained in paragraph 6 of the Complaint.

7.    Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 7.

8.      The allegations in paragraph 8 contain statements of law to which no answer is required. To the extent an answer is required; admit that this is an admiralty and maritime claim within the meaning of Rule 9(h).

9.      The allegations of paragraph 9 contain statements of law to which no answer is required. To the extent an answer is required; admit that there is diversity of jurisdiction.

10.     The allegations of paragraph 10 contain statements of law to which no answer is required. To the extent an answer is required; admit that venue is proper in this district.

11.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 11.

12.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12.

13.     Denies the allegations of paragraph 13.

14.     Admits that plaintiffs purchased a Travelers Yacht Policy from Standard Fire and refers this Honorable Court to the policy for the terms, conditions, warranties and exclusions.

15.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15.

16.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16.

17.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 17.

18.     Denies knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 18.

19.     Denies knowledge or information sufficient to form a belief as to the truth of the

allegations of paragraph 19.

20.    Admits that plaintiffs submitted a claim under the Standard Fire policy. Except as

specifically admitted, denies knowledge or information sufficient to form a belief as to

the truth of the remaining allegations of paragraph 20.

21.    Denies the allegations in paragraph 21.

22.    Denies the allegations of paragraph 22.

23.    Admits that Susquehanna Marine Surveys conducted an inspection of the vessel and

issued a report, and refers this Honorable Court to the marine survey report for the

contents and conclusions therein.

24.    Denies the allegations of paragraph 24 as stated.

25.    Denies the allegations of paragraph 25.

26.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations of paragraph 26.

27.    Admits that Paul Scopinich issued a report to plaintiff. Except as specifically admitted,

denies the remaining allegations of paragraph 27.

28.    Admits that plaintiff provided a copy of Scopinich's report to Standard Fire.

29.    Denies the allegations of paragraph 29.

30.    Denies the allegations of paragraph 30.

31.    Admits that Standard Fire tendered payment as stated in paragraph 31. Except as

specifically admitted, denies the remaining allegations of paragraph 31.

32.    Denies knowledge or information sufficient to form a belief as to the truth of the

allegations of paragraph 32.

33.    Denies the allegations of paragraph 33.

4833-6334-3581, v. 1

34. Denies the allegations of paragraph 34.

35. Admit that premiums have been paid. Except as specifically admitted, denies the remaining allegations of paragraph 35.

36. Denies the allegations of paragraph 36.

37. Admit that Standard Fire accepted coverage of the claim. Except as specifically admitted, denies the remaining allegations of paragraph 37.

38. Admit that Standard Fire accepted coverage of the claim. Except as specifically admitted, denies the remaining allegations of paragraph 38.

39. Denies the allegations of paragraph 39.

40. Denies the allegations of paragraph 40.

## ANSWERING FIRST CAUSE OF ACTION

41. Standard Fire repeats and realleges the answers in the foregoing paragraphs as if set forth at length herein.

42. Denies the allegations of paragraph 42.

43. The allegations of paragraph 43 contain statements of law to which no answer is required. To the extent an answer is required, denies the allegations of paragraph 43.

44. The allegations of paragraph 44 contain statements of law to which no answer is required. To the extent an answer is required, denies the allegations of paragraph 44.

## ANSWERING SECOND CAUSE OF ACTION

45. Standard Fire repeats and realleges the answers in the foregoing paragraphs as if set forth at length herein.

46. Admits that the Yacht Policy was a contract of insurance.

4833-6334-3581, v. 1

47.     The allegations of paragraph 43 contain statements of law to which no answer is required. To the extent an answer is required, denies the allegations of paragraph 47.

48.     Denies the allegations of paragraph 48.

49.     Denies the allegations of paragraph 49.

50.     Denies the allegations of paragraph 50.

## FIRST SEPARATE DEFENSE

The Complaint fails to state a cause of action or a claim upon which relief may be granted.

## SECOND SEPARATE DEFENSE

The insurance contract at issue is plain and unambiguous and its full terms, conditions, warranties and exclusions, govern the relationship between the parties, together with admiralty and insurance law.

## THIRD SEPARATE DEFENSE

No coverage is provided for the loss or damage alleged in the Complaint by virtue of Plaintiff's breaches of the terms, conditions, exclusions, warranties and limitations contained in the policy.

## FOURTH SEPARATE DEFENSE

All claims are barred, in whole or in part, to the extent that Plaintiff failed to disclose, conceal or misrepresented facts which were material to the risks and investigation undertaken by the insurer.

## FIFTH SEPARATE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the equitable doctrines of laches, estoppel, unclean hands and waiver.

## SIXTH SEPARATE DEFENSE

The policy provides that the insurer will provide the insurance coverage described in the policy only in return for the premium and compliance by any insured with all terms and conditions of the policy.

## SEVENTH SEPARATE DEFENSE

Plaintiff testified that the vessel was damaged on or about November 9. Plaintiff navigated the vessel on two occasions including over 80 miles to Newport, Rhode Island on November 18 and had an opportunity but did not have the vessel inspected for damages at any time between November 9 and November 18. Photographs taken before loading on a cargo vessel at Newport which photographs were not provided to Standard Fire or produced by plaintiff during litigation indicate that damages were exacerbated by loading aboard the vessel. Failure to mitigate loss or damages.

## EIGHTH SEPARATE DEFENSE

All claims are barred by the doctrine of *uberrimae fidei.*

## NINTH SEPARATE DEFENSE

The policy or contract of insurance issued by Standard Fire contains the following provision:

**INSURING AGREEMENT**

This marine insurance **policy** is a legal contract between you and us.

4833-6334-3581, v. 1

We agree to provide the insurance coverage described in this **policy** in return for your payment of the premium when due and full compliance by every **insured** with the terms, conditions and warranties described in the **policy**.

Plaintiffs breached terms, conditions and warranties contained in the policy.

## TENTH SEPARATE DEFENSE

The policy or contract of insurance issued by Standard Fire contains the following provision:

### B. CONCEALMENT, MISREPRESENTATION OR FRAUD

The entire **policy** will be void if, in connection with **your** insurance application, whether before or after a loss or **occurrence**, any **insured** has:
1. Misrepresented or failed to disclose any material fact or circumstance or made any false statement related to this insurance; or
2. Engaged in fraudulent conduct.

Plaintiffs represented on the insurance application that the purchase price of the vessel was $450,000. Plaintiff testified at deposition under oath that he paid only about $260,000 to purchase the vessel. Plaintiff also testified that a third party not for profit entity paid amoiunts to complete the vessel in exchange for a desired ownership interest in the vessel. Plaintiff misrepresented material facts in connection with the insurance application and the occurrence. By reason facts or the premises, the aforementioned policy condition was breached and the contract is void and/or voidable.

## ELEVENTH SEPARATE DEFENSE

The policy or contract of insurance issued by Standard Fire contains the following exclusion:

### WE DO NOT COVER ANY LOSS OR DAMAGE CAUSED BY:

### A.     CONCEALMENT, MISREPRESENTATION OR FRAUD

The coverage provided by this **policy** depends on the statements you made

4833-6334-3581, v. 1

in your application. If you or any insured conceals or misrepresents any material fact or circumstance, whether before or after a loss, this **policy** is <u>**VOID**</u> and you will no longer be protected by it.

Plaintiffs represented on the insurance application that the purchase price of the vessel was $450,000. Plaintiff testified at deposition under oath that he paid only about $260,000 to purchase the vessel. Plaintiff also testified that a third party not for profit entity paid amoiunts to complete the vessel in exchange for a desired ownership interest in the vessel. Plaintiff misrepresented material facts in connection with the insurance application and the occurrence.

Plaintiff also represented during adjustment of the loss that he did not have any photographs to show the condition of the vessel before loading aboard the cargo vessel at Newport Rhode Island. Plaintiff's expert witness disclosed at deposition that plaintiff provided him with photographs taken by a freight forwarder before loading.

By reason facts or the premises, the aforementioned policy condition was breached and the contract is void and/or voidable.


### <u>TWELFTH SEPARATE DEFENSE</u>

The policy or contract of insurance issued by Standard Fire contains the following condition:

**B. NOTICE OF LOSS**

1.      You must immediately give notice of any loss, injury, damage, expense or **occurrence** that may give rise to a claim, suit or demand to which this insurance may apply, to either our authorized representative or us…

3.      If you do not provide notice to us as required by this SECTION, any claim for such loss under this **policy** will be void.

Plaintiffs failed to immediately give notice of an occurrence. By reason of the premises,

the aforementioned policy condition was breached and the contract is void and/or voidable

pursuant to the policy and/or at law.

## THIRTEENTH SEPARATE DEFENSE

The policy or contract of insurance issued by contains the following exclusions:

**D.  EXCLUSIONS**

In addition to the **SECTION TWO: GENERAL POLICY EXCLUSIONS,** we
do not cover loss or damage caused by or resulting from:

1.      Wear and tear, neglect;
2.      Gradual deterioration, deterioration caused by weathering, insects or
marine life;
                                        *    *    *
5.       Inherent vice, wet or dry rot, rust or corrosion;

                                        *    *    *
8.      Defects in manufacture, including defects in construction, workmanship
and design other than **latent defects** as defined in the **policy**;

                                        *    *    *
11.      Decrease in value, loss of use, or lost profits;
12.      Previously unrepaired damage that occurred either prior to the **policy**
effective date as shown in the **declarations** or where an **insured** has
previously received full or partial payment from us.

By reason facts or the premises, there is no coverage for the claim pursuant to

applicable policy exclusions.

**WHEREFORE**, Travelers Property Casualty Company of America prays for

judgement in its favor, dismissing the Complaint, with prejudice, and a determination that

no coverage exists for the alleged loss under the policy issued by Travelers, together with

costs and attorneys' fees and such other and further relief as to this Court may seem just

and reasonable.

Dated: February 19, 2021

                                        The Standard Fire Insurance Company

4833-6334-3581, v. 1

By:_____/s_____
          Michael E. Stern, Esq.
Rubin, Fiorella , Friedman & Stern LLP
James Mercante, Esq.
Michael Stern, Esq.
630 Third Avenue, 3rd Floor
New York, New York 10017
(212) 953-2381

4833-6334-3581, v. 1