UNITED STATES DISTRICT COURT
SOURTHERN DISCTRICT OF NEW YORK
---------------------------------------------------------x

JOSEPH SPADAFORA and GUDELIA
LEVINE,                                                          Civil Action No.: 19-CV-6631

                           Plaintiffs,

-against-

THE STANDARD FIRE INSURANCE
COMPANY,

                           Defendant.

---------------------------------------------------------x

### THE STANDARD FIRE INSURANCE COMPANY'S REPLY MEMORANDUM IN FURTHER SUPPORT OF MOTION FOR LEAVE TO AMEND ANSWER

### PRELIMINARY STATEMENT

      Plaintiff Joseph Spadafora's opposition to Standard Fire's motion to amend its answer is remarkable because plaintiff does <u>not</u> dispute that he personally paid $260,000 to have the vessel built and not the $450,000 he represented as the "purchase price" on the insurance application. This is the misrepresentation only learned by Standard Fire at Mr. Spadafora's deposition in June 2020, long after the November 2018 grounding incident and which is the basis of this motion.

      Because this fact is indisputable and essentially undisputed, Spadafora argues instead that Standard Fire's motion should be denied because Standard Fire accepted the claim and at all times acted in good faith in the settlement process. Plaintiff characterizes Standard Fire's conduct in the claims handling and litigation as a judicial admission , and that by acting in good faith, Standard Fire has waived defenses it only learned of after more than one year into the litigation.  Plaintiff's argument lacks merit.

## POINT I

### STANDARD FIRE HAS NOT WAIVED
### DEFENSES BY CLAIMED JUDICIAL ADMISSIONS

Plaintiff argues at great length that because Standard Fire accepted the claim and advised the Court that the issue was the extent of damages and cost of repair, it is now somehow estopped from amending its answer to include facts learned to support the affirmative defenses contained in its original answer based on plaintiff's misrepresentations on his application. To support this "judicial admission" argument, plaintiff cherry-picks quotes from various court conferences, letters and documents.[1]  Plaintiff further argues that these "judicial admissions" were a part of some nefarious plan to somehow lure plaintiff to litigate a claim he should have resolved pursuant to the terms of his contract of insurance without litigation (i.e., appraisal), and trap him into admitting that he <u>lied</u> on his insurance application.  This is absurd and there were no "judicial admissions".

It is well-established that judicial admissions are formal concessions by a party or counsel that have the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact. Judicial admissions must be "clear and unambiguous admission[s] of fact" and must relate to factual assertions made by one party concerning matters <u>peculiarly within its knowledge or control</u>, that is, facts the declarant is best situated to know and attest to in managing its affairs, as opposed to facts uniquely known or controlled by an adversary party." *Hausler v. JP Morgan Chase Bank, N.A.*, 127 F. Supp. 3d 17, 36-37 (S.D.N.Y. 2015) (citations omitted). The statements made by Standard Fire are not statements of fact and more importantly, they were based only on the facts known to Standard Fire at the time and based on its belief that its insured had been truthful

---

[1] Surprisingly, plaintiff also includes materials reflecting settlement discussions and negotiations, which is highly improper and in violation of federal evidentiary rules.

4824-5304-9056, v. 1

in his dealings with Standard Fire. The fact that Mr. Spadafora made a material misrepresentation on his insurance application was not known to Standard Fire until plaintiff's deposition during this litigation.[2]

Likewise, plaintiff's assertion that Standard Fire waived these important policy defenses lacks merit. Indeed plaintiff admits that Standard Fire asserted in its answer to the complaint the policy defenses based on *uberimmae fidei* and material misrepresentation. The Court ruled that these affirmative defenses were too general and that for Standard Fire to attempt to avoid the policy or deny the claim, Standard Fire should seek leave to file an amended complaint to flesh out these defenses based on facts learned during discovery. This is what Rule 15 permits, what plaintiff argued in his *in limine* motion and what the Court held. *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 230, 9 L. Ed. 2d 222 (1962); *Lomartira v. American Auto. Ins. Co.,* 245 F. Supp. 124, 128 (D. Conn. July 29, 1965). It is without merit for plaintiff to now assert that Standard Fire waived seeking leave to amend its answer to include facts it only learned in discovery.

## POINT II

## THE APPLICATION IS TIMELY

Plaintiff next argues that leave to amend should be denied because Standard Fire somehow waited too long, but he bases his position on the Court's original scheduling order.  In the context of the proceedings held in this matter, including the inclusion of the defenses in the Joint Pretrial Order, plaintiff's motion *in limine* and the Court's decisions and orders, this motion could only be made now. As to plaintiff's complaints that it may need to "endure" additional discovery to depose Standard Fire's underwriters, plaintiff should recall that this whole line of inquiry was engendered

---

[2] Plaintiff's opposition to this motion reads more like an opposition to a summary judgment motion, challenging whether or not Standard Fire is entitled to avoid the policy. This is merely a motion to amend its answer to permit it to plead these defenses and Standard Fire is not required to prove the merits of the defenses by this motion.
4824-5304-9056, v. 1

not by any action of Standard Fire, but by plaintiff's breach of his duty to provide truthful information on his insurance application.

Plaintiff also complains that he will need to conduct additional discovery to probe whether Standard Fire's underwriters relied on his misrepresentations. First, Standard Fire will not put up any objections to legitimate documentary and testimonial discovery. More importantly, however, plaintiff is wrong on the law because it is established that information specifically requested on an application for insurance is deemed material as a matter of law. *Royal Ins. Co. of Am*., 1999 U.S. Dist. LEXIS 23964 (E.D.N.Y. 1999) (holding misrepresenting purchase price on application was a material misrepresentation); *Griffith v. American National Fire Ins. Co.*, 1997 AMC 2745 (D. Del. 1997) (holding misrepresenting ownership on application was a material misrepresentation.) "When a marine insurance application "specifically asks for the purchase price," the insured may not substitute, without a clear explanation, the "present market value" for the "actual purchase price." *N.H. Ins. Co. v. C'Est Moi, Inc.*, 519 F.3d 937, 939 (9th Cir. 2008) (holding that insurer could avoid policy when the insured represented purchasing the vessel for $450,000 but paid only $300,000 and spent about $150,000 to restore the vessel). Because the misrepresentations are material, Standard Fire need not demonstrate that plaintiff intentionally made the misrepresentations. "It is well settled that intent to deceive is not necessary to rescind the contract. A plaintiff only needs to prove that the representation of a fact was false and material. Based on the undisputed facts, it is appropriate to grant summary judgment to Royal". *Royal Ins. Co. of Am.* 1999 U.S. Dist. LEXIS 23964 (E.D.N.Y. 1999).[3]

---

[3] Standard Fire should not be required to dignify the spurious comments that it somehow "manipulated the litigation to suit its purposes". However, if plaintiff continues to accuse either Standard Fire or counsel of bad faith as he does, Standard Fire will seek whatever relief which may be available to it.

4824-5304-9056, v. 1

## POINT III

## THE AMENDED ANSWER IS SUFFICIENTLY PLED

Plaintiff next argues that the proposed amended affirmative defense is not sufficiently pled because it does not state that the policy would not have been issued had plaintiff told the truth. This is incorrect. Plaintiff provides only a portion of the defense he claims does not provide the penalty for lying. In attempting to support the meritless position that the defenses do not state that the policy would not have been issued, plaintiff deliberately omits not only the policy language recited in the affirmative defense ("the entire **policy** will be void if, in connection with **your** insurance application, whether before or after a loss or **occurrence**, any **insured** has… Misrepresented or failed to disclose any material fact"), but also the last sentence of the factual recitations in the affirmative defense, which states "*By reason facts or the premises, the aforementioned policy condition was breached and the contract is void and/or voidable*". *See*, Plaintiff's brief at p. 9.

Plaintiff repeatedly argues that the affirmative defenses do not prove that plaintiff made a misrepresentation, that the actual purchase price was not the $450,000 that was represented as being true and accurate, or that the underwriter in fact relied on the misrepresentations when issuing the policy. This is not a motion for summary judgment or statement of facts adduced at trial, this is merely a pleading. Standard Fire recognizes that it needs to prove that Mr. Spadafora made a material misrepresentation, and it is confident that those facts will be proven. However, the purpose of a pleading is to provide the basic facts which underlie the allegations in that pleading. The facts in the amended affirmative defense can hardly be characterized as conclusory.

4824-5304-9056, v. 1

**<u>Failure to mitigate defense</u>**

Standard Fire has also amended its affirmative defense concerning the failure to mitigate based on photographs taken of the vessel **before** it was loaded onboard the ocean cargo vessel. It is undisputed that plaintiff failed to provide these photographs to Standard Fire during the claims process and failed to produce same during discovery. Instead, plaintiff provided these photographs to his friend/expert Ed Glaser at the time of the loss and Mr. Glaser provided same only after referencing them during his deposition. Plaintiff makes many inane comments as to why these undisclosed photographs do not 'prove' anything, but this is merely a pleading, not a motion for judgment.  If Standard Fire cannot prove its defense at trial, it will not be able to reduce any judgment based on same, but this has no bearing on whether it is entitled to plead a defense.

## <u>CONCLUSION</u>

For the reasons set forth herein, it is respectfully requested that Standard Fire be given leave to amend its answer to the complaint in accordance with theproposed amended answer attached hereto.

Dated: March 12, 2021

<div style="margin-left: 40%">

RUBIN, FIORELLA, FRIEDMAN &
MERCANTE LLP
*Attorneys for Standard Fire*

By:       _____/s_____
Michael E. Stern, Esq.
630 Third Avenue, 3rd Floor
New York, NY 10017
Tel:     212.953.2381
Email:  mstern@rubinfiorella.com

</div>

4824-5304-9056, v. 1